IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| | ) | C/A No.: 1:12-1277-TMC-SVH |
| Robert Lynn Darnell, #260064, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Joseph McFadden, Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Robert Lynn Darnell is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #28, #29]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by March 4, 2013. [Entry #30]. Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, Petitioner failed to respond to the motion. On March 8, 2013, the court ordered Petitioner to advise whether he wished to continue with the case by March 22, 2013. [Entry #32].

Notwithstanding the court's orders, Petitioner has filed no response to Respondent's motion for summary judgment. As such, it appears to the court that he does

not oppose the motion and wishes to abandon this action.  Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

Independently, after having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted on the merits.

I.      Procedural Background

Petitioner was indicted by the Pickens County grand jury during the January 2002 term of court for first-degree burglary third offense (#2002-GS-39-30) and grand larceny (#2002-GS-39-31). [Entry #29-4 at 3–4, 9–10]. Petitioner was represented by John Dejong, Esq., at trial March 24–25, 2002 before the Honorable John C. Few, then-Circuit Court Judge. [Entry #29-1 at 5 *et seq.*].  On March 25, 2002, Petitioner was found guilty of first degree burglary and the lesser-included offense of petty larceny on the grand larceny charge. [Entry #29-3 at 32]. Judge Few sentenced Petitioner to the mandatory minimum of 30 years for burglary and 10 years concurrent for the petty larceny. [Entry #29-3 at 36].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). [Entry #29-5].  On appeal, Petitioner was represented by Tara S. Taggart of the South Carolina Commission on Indigent Defense, Division of

2

Appellate Defense, who filed an *Anders*[1] brief raising the following issue: "Whether the trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt of first-degree burglary." [Entry #29-6 at 4]. Attorney Taggart certified to the court that the appeal was without merit and asked to be relieved as counsel. [Entry #29-6 at 7]. Petitioner did not file a *pro se* response to the *Anders* brief.

On August 25, 2004, the Court of Appeals filed an unpublished decision dismissing Petitioner's appeal pursuant to the *Anders* procedure and granted counsel's motion to be relieved. [Entry #29-7]. Petitioner did not file a petition for rehearing, nor seek certiorari in the South Carolina Supreme Court. The remittitur was issued on September 27, 2004. [Entry #29-8].

Petitioner filed an application for post-conviction relief ("PCR") on May 2, 2005, in which he alleged ineffective assistance of counsel, lack of subject matter jurisdiction, and trial court error. [Entry #29-3 at 39–64]. A PCR evidentiary hearing was held before the Honorable James E. Lockemy on April 17, 2006, at which Petitioner and his counsel, David D. Cantrell, Jr., Esq. appeared and argued Petitioner's claim for ineffective assistance of counsel, presenting the testimony of trial counsel. [Entry #29-3 at 71–114]. Petitioner informed the court near the conclusion of the hearing that he would not

---

[1] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

3

proceed on his remaining allegations. [Entry #29-3 at 102]. On May 8, 2006, Judge Lockemy entered an order of dismissal. [Entry #29-3 at 115–120]. On June 14, 2006, Petitioner filed a notice of appeal from the denial of PCR. [Entry #29-10]. After the notice of appeal was filed, on June 30, 2006, Petitioner attempted to file a *pro se* Rule 59(e), SCRCP Motion to Alter or Amend, but no action was taken on the motion. [Entry #29-9].

Appellate Defender Wanda H. Carter of the South Carolina Office of Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal and filed a *Johnson* petition for writ of certiorari [Entry #29-11] in the South Carolina Supreme Court raising the following issue: "Trial counsel erred in allowing the trial to go forward when petitioner was unable to assist in the defense of the case." [Entry #29-11 at 3]. Petitioner did not file a pro se petition. On December 19, 2007, the Supreme Court of South Carolina transferred the appeal to the Court of Appeals. [Entry #29-12]. The Court of Appeals denied certiorari and dismissed the appeal on May 28, 2008. [Entry #29-13]. The remittitur issued on June 13, 2008. [Entry #29-14]. Thereafter, Petitioner attempted to file a *pro se* petition for rehearing with the Court of Appeals, but it was returned as not having been timely filed. [Entry #29-15].

Petitioner filed a second PCR application on January 26, 2010 (2010-CP-39-136). [Entry #29-16]. The Honorable Edward W. Miller signed a conditional order of dismissal on March 29, 2010, finding the application was untimely and successive and giving Petitioner 20 days to explain why the application should not be dismissed as

4

untimely and successive. [Entry #29-18]. On April 21, 2010, Petitioner filed a *pro se* response. [Entry #29-19].

While his second PCR action was still pending, Petitioner filed another PCR application on August 16, 2010 (2010-CP-39-1412). [Entry #29-20]. These PCR actions (2010-CP-39-136 and 2010-CP-39-1412) were merged by order dated October 10, 2010. [Entry #29-22]. The PCR court dismissed Petitioner's merged application, finding it was successive and untimely. [Entry #29-23]. Petitioner did not file a Rule 59(e), SCRCP Motion to Alter or Amend, nor did he seek appellate review of the PCR court's ruling.

On June 12, 2012, Petitioner filed another PCR application (2012-CP-39-0875). [Entry #29-24]. The Honorable G. Edward Welmaker signed a conditional order of dismissal on September 17, 2012, finding the application was untimely and successive and giving Petitioner 20 days to explain why the application should not be dismissed as untimely and successive.  [Entry #29-26].

Meanwhile, Petitioner filed this federal petition for a writ of habeas corpus on May 14, 2012.  [Entry #1-1 at 1].[2]

---

[2] The petition was received by the court on May 15, 2012, and docketed on May 16, 2012. However, because Plaintiff is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack,* 487 U.S. 266 (1988). Petitioner dated his petition May 14, 2012, which is the date his envelope indicates the petition was deposited in the Lee Correctional mailing system. [Entry #1-1 at 1].

II.    Discussion

    A.    Federal Habeas Issues

Petitioner states the following four grounds in his habeas petition:

**Ground One:**        Ineffective Assistance of Counsel

**Ground Two:**        Subject Matter Jurisdiction

**Ground Three:**     Trial Court Error

**Ground Four:**       Violation of Double Jeopardy Clause

**Ground Five:**       Violation of 5th and 6th amendments on unlawful interrogation and violations of Miranda rights

**Ground Six:**        Erroneous denial of motion to suppress

**Ground Seven:**    Insufficient Evidence.

[Entry #1-1 at 5–13].

    B.    Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the

non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

C.    Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application

7

of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A).  In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1)

9

through a direct appeal, or (2) by filing an application for PCR.  State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).  If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.  Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000) (internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court *"outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,

is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances

12

in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker,* 517 F.3d 700, 714 (4th Cir.), *cert. denied,* 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.    Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a

13

fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' ... [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S. ——, ——, 130 S.Ct. 1473, 1485, (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.,* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

D.      Analysis

1.                AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the AEDPA. As discussed briefly above, the AEDPA became effective on April 24, 1996 and substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A)     **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

15

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[4]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial

---

[4] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States

17

Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### 2.    Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. He was found guilty and was sentenced on March 25, 2002. [Entry #29-3 at 32–36]. He filed an *Anders* appeal, which was denied by the Court of Appeals on August 25, 2004. [Entry #29-7]. Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on November 24, 2004, the first day after the expiration of the 90 days within which Petitioner could have sought certiorari in the Supreme Court of the United States.

18

The statute of limitations would begin to run upon the expiration of the 90-day period for seeking certiorari from judgment entered by a state court of last resort. *See* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . .."); Sup. Ct. R. 13(1).

In this case, Petitioner directly appealed to the South Carolina Supreme Court. The South Carolina Supreme Court thereafter transferred the case to the Court of Appeals, which dismissed the appeal. After the dismissal by the Court of Appeals, Petitioner did not petition the South Carolina Supreme Court for certiorari. If the Court of Appeals is considered a "state court of last resort," Petitioner could have sought a writ of certiorari directly to the United States Supreme Court, thereby tolling the running of AEDPA statute of limitations for the 90 days. If the Court of Appeals is not considered the "state court of last resort" for Petitioner's direct appeal, he would not be entitled to the additional 90-day tolling period, and the judgment would have been considered final when the Court of Appeals issued its remittitur. *See Christy v. Christy*, 452 S.E.2d 1, 4 (S.C. App. 1994) (noting final disposition occurs "when remittitur is returned by the clerk of the appellate court and filed in the lower court").

The undersigned finds that Petitioner would have been able to seek discretionary review in the Supreme Court of the United States because the Supreme Court of South Carolina has previously explained "it will not entertain petitions for writs of certiorari to the Court of Appeals where the Court of Appeals has conducted an *Anders* review." *State*

*v. Lyles*, 673 S.E.2d 811, 812 (2009) (*citing In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (1990)). Therefore, Petitioner would have 90 days to seek certiorari in the Supreme Court of the United States after the South Carolina Court of Appeals dismissed Petitioner's *Anders* appeal.

3.     Petitioner's Petition Was Not Timely Filed

The undersigned agrees with Respondent's position that Petitioner's judgment became final for purposes of the AEDPA's statute of limitations on November 24, 2004, the first day after the expiration of 90 days from the Court of Appeals' dismissal of Petitioner's *Anders* appeal.  Petitioner filed his PCR application on May 2, 2005, tolling the statute of limitations after 160 days passed. The circuit court dismissed his PCR application, and the Court of Appeals denied his request for appellate review.  On June 13, 2008, the South Carolina Court of Appeals issued the remittitur, which meant his PCR application was no longer "pending" for purposes of the tolling provision of 28 U.S.C. § 2244(d)(2). *See Holland*, 130 S. Ct. at 2557 (noting tolling pursuant to 28 U.S.C. § 2244(d)(2) does not continue during pendency of any discretionary review of PCR application). The remaining 206 days of the statute of limitations for Petitioner to bring a federal habeas petition expired on January 5, 2009. Accordingly, Petitioner's federal habeas petition, filed May 14, 2012, was filed more than three years too late. The undersigned recommends finding Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary

circumstances prevented his timely filing, which could equitably toll the statute of limitations.

>    4.    Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

>    a.    Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this Petition in no manner suggests that he diligently pursued his rights.

In his response to the court's Rule to Show cause, Petitioner states:

> (a) that he has been receiving treatments for cancer since 2006;
> (b) that he is illiterate;
> (c) that he was ignorant of the law on the statute of limitations and federal habeas corpus until J. Roy Johnson Jr. explained the law to him; and
> (d) while he did not have knowledge of the period of limitation and was illiterate, his illness would have prevented him from timely filing a federal habeas application anyway.

[Entry # 10].

21

Respondent argues that Petitioner cannot invoke equitable tolling because he has failed to show he has been pursuing his right diligently, notably failing to explain the substantial time gaps between (1) the conclusion of the time for seeking direct review and filing of his first PCR (160 days) and (2) the dismissal of his first PCR appeal and the filing of his second PCR action (529 days). Respondent further argues that even if Petitioner could explain the substantial time gaps and demonstrate that he was pursuing his rights diligently, the record establishes there was no extraordinary circumstance preventing him from timely filing.

The undersigned agrees. The fact of Petitioner's illiteracy and medical condition did not impede his ability to file his first *pro se* PCR application within the timeframe required by state law, nor impede the multiple PCR actions in the years thereafter. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding illiteracy does not merit equitable tolling); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

          b.      Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle Petitioner to equitably toll the AEDPA's statute of limitations. While he alleges that he was receiving medical treatment for cancer, he has not shown that he was kept from timely filing this action.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 25, 2013                                    Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).